**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR MENDOZA-MEJIA, | No.   19-70966 |
| Petitioner, | Agency No. A091-077-435 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2021[**]

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Salvador Mendoza-Mejia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decisions denying his denying his application for withholding of removal and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's particularly serious crime determination. *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012). Review is "limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach [its] conclusion." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (internal quotation marks omitted). We review factual findings for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo due process claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in determining Mendoza-Mejia's distribution of methamphetamine conviction is a particularly serious crime that renders him ineligible for withholding of removal, where drug trafficking crimes are presumed to be particularly serious, and the agency relied on the appropriate factors and proper evidence in concluding he failed to rebut that presumption. *See* 8 U.S.C. §1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2); *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 949 (9th Cir. 2007) (recognizing the "strong presumption that drug trafficking offenses are particularly serious").

Substantial evidence supports the BIA's denial of CAT relief because Mendoza-Mejia failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See*

*Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Mendoza-Mejia's challenges to the BIA's streamlining procedure fail. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850-52 (9th Cir. 2003) (BIA's streamlined decision did not violate due process); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**